UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

PAUL J. BISHOP,

        Plaintiff,

v.

DEPARTMENT OF HOMELAND SECURITY, MERIT SYSTEMS PROTECTION BOARD and U.S. OFFICE OF PERSONEL MANAGEMENT,

        Defendants.

Civ. No. 14-5244 (FLW)

OPINION

**WOLFSON, United States District Judge:**

Presently before the Court is a motion filed by Defendants Department of Homeland Security ("DHS"), Merit Systems Protection Board ("MSPB"), and U.S. Office of Personnel Management's ("OPM") (collectively "Defendants" or "the Government") to dismiss the Complaint filed by *pro se* Plaintiff Paul Bishop ("Bishop" or "Plaintiff"). The Government additionally moves for a pre-filing injunction that would enjoin Plaintiff from filing future suits regarding his termination from DHS.

For the reasons stated below, the Government's motion to dismiss is **GRANTED** and its motion for a pre-filing injunction is also **GRANTED**.

1

I.    **Background**[1]

The following allegations are accepted as true for the purposes of this motion to dismiss. In 2005, Bishop was appointed through the excepted service Federal Career Intern Program to the position of Agriculture Specialist GS-9, as part of the Customs and Border Protection for the Port of New York. (Bishop 2009 MSPB Decision, at 4). This appointment was for two years, and Bishop was informed that if he satisfactorily completed the internship, he would be "noncompetitively granted a career or career-conditional position." (Bishop 2009 MSPB Decision, at 4). However, if "he did not satisfactorily complete the internship, his employment would be terminated." (Bishop 2009 MSPB Decision, at 4). In 2006, Bishop was promoted to a GS-11 position. (Bishop 2009 MSPB Decision, at 5). On August 20, 2007, Bishop was terminated from his position. (Bishop 2009 MSPB Decision, at 9).[2]

Bishop alleges that in an attempt to mediate an EEO dispute, he made certain disclosures to his supervisor at DHS, Assistant Port Director John Lava, that were used "to prevent the [him] from being hired permanently into a GS-0401-11 Agriculture Specialist in the Department of

---

[1] Typically on a motion to dismiss, a court will only consider the well-pled factual allegations made in the complaint. *See W. Penn Allegheny Health Sys., Inc. v. UPMC*, 627 F.3d 85, 97 n.6 (3d Cir. 2010) *cert. denied*, 132 S.Ct. 98 (2011). However, in certain circumstances, there is "an exception to the general rule [permitting] a 'document *integral to or explicitly relied upon in the complaint*' [to] be considered 'without converting the motion [to dismiss] into one for summary judgment.'" *In re Burlington Coat Factory Litigation*, 114 F.3d 1410, 1426 (3d Cir. 1997) (internal citation omitted). In his Complaint (which makes only minimal factual allegations), Plaintiff relies on, and refers to, the MSPB's decisions regarding his termination and specifically asks that the decision be vacated. Because Plaintiff specifically refers to and relies on these documents in his Complaint, the Court will consider them on this motion to dismiss. *See id.*

[2] This is the fourth civil action that Plaintiff has brought against the Government regarding his 2007 termination. *See Bishop v. Office of Personnel Mgmt.*, 514 Fed. Appx. 104 (3d Cir. 2013), *cert. denied*, 134 S. Ct. 396 (2013); *Bishop v. U.S. Dep't of Homeland Sec.*, No.: 11-573 (D.N.J. June 13, 2011); *Bishop v. U.S. Dep't of Homeland Sec.*, No. 2:10-cv-1095, 2010 WL 5392897 (D.N.J. Dec. 21, 2010).

2

Homeland Security. (Compl. at 1). Bishop appealed his termination to the MSPB, alleging "because of his whistleblowing activity, he was denied certain on-the-job training and was discharged." (Bishop 2009 MSPB Decision, at 1). The MSPB denied Plaintiff's appeal in a decision dated October 14, 2009. (Bishop 2009 MSPB Decision, at 1-2). Plaintiff subsequently filed a petition for review of the MSPB's October 2009 decision. However, on February 24, 2010, the MSBP denied Bishop's petition for review in its "Final Order." (Bishop MSPB 2010 Final Order).

Plaintiff filed this Complaint on August 21, 2014. In his Complaint, Plaintiff asserts that DHS deprived him of his Fifth Amendment due process rights by failing to provide Bishop the appropriate termination procedure. (Compl. at 1). Specifically, Plaintiff alleges that the DHS did not provide him with "thirty days advance written notice of the proposed action which identifies specific instances of unacceptable performance by the Plaintiff on which its proposed adverse action were based." (Compl. at 1). Plaintiff additionally alleges that DHS failed to provide him neither an opportunity to obtain counsel nor to respond to the proposed adverse action, as is required by the Civil Service Reform Act ("CSRA"). (Compl. at 1). In support of this allegation, Plaintiff notes that he requested documentation that his due process rights were satisfied under the Freedom of Information Act and Privacy Act and "the [MSPB] stated that it did not have the due process rights documentation required." (Compl. at 2).

Plaintiff also alleges that "[his] status as an excepted service federal career intern excludes him from the jurisdiction of the Merit Systems Protection Board," and thus MSPB's October 14, 2009 decision is void under rule 60(b) of the Federal Rules of Civil Procedure. (Compl. at 2). Lastly, Plaintiff asserts that because the MSPB did not have jurisdiction over him, "[a]ny attempt to force the Plaintiff to appeal the Boards [sic] decision in the Court of Appeals

3

for the Federal Circuit is a violation of the Plaintiff's Constitutional civil rights." (Compl. at 2). Plaintiff "demands" the following: (1) "to be instated as a GS-0401-11 Agriculture Specialist in the Department of Homeland Security with back pay, front pay and student loan reimbursement"; (2) "compensation for the lost employment benefits of his health care plan and pension plan," and (3) "the voiding of the Merit System Protection Board's ruling in NY-1211-09-0201-W-1." Compl. at 2.

The Government has moved to dismiss Plaintiff's Complaint on two separate grounds: (1) under Rule 12(b)(1) for lack of subject matter jurisdiction and (2) under Rule 12(b)(6) for failure to state a claim based on the statute of limitations.[3]

## II.     Standard of Review

### A.     *Subject Matter Jurisdiction*

A defendant may move to dismiss a claim for lack of subject matter jurisdiction under Federal Rule of Civil Procedure Rule 12(b)(1). Fed. R. Civ. P. 12(b)(1). Because subject matter jurisdiction is required for a district court to reach the merits of a claim, "'the court should consider the 12(b)(1) challenge first because if it must dismiss the complaint for lack of subject matter jurisdiction, all other defenses and objections become moot.'" *S.B. ex rel. A.B. v. Trenton School Dist.*, No. 13-949, 2013 WL 6162814, at *3 (D.N.J. Nov. 25, 2013) (quoting *In re Corestates Trust Fee Litig.*, 837 F. Supp. 104, 105 (E.D. Pa. 1993)).

There is no presumption of truthfulness that attaches to the allegations of the complaint when determining a challenge to the court's subject matter jurisdiction. *Mortensen v. First Federal Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). Once a 12(b)(1) challenge is raised, the plaintiff bears the burden of demonstrating the existence of subject matter jurisdiction.

---

[3] Plaintiff responded to the Government's motion by filing a "motion to dismiss Defendant's Motion to Dismiss," which was docketed as a cross-motion. *See* Dkt. 14.

*See McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006). A Rule 12(b)(1) motion to dismiss is treated as either a "facial or factual challenge to the court's subject matter jurisdiction." *Gould Electronics, Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). Under a facial attack, the movant challenges the legal sufficiency of the claim, and the court considers only "the allegations of the complaint and documents referenced therein and attached thereto in the light most favorable to the plaintiff." Id. Under a factual attack, however, "the challenge is to the actual alleged jurisdictional facts." *Liafom, LLC. v. Big Fresh Pictures*, Civ. No. 10–0606, 2011 WL 3841323 (D.N.J. Aug. 24, 2011). The current motion makes a factual challenge on subject matter jurisdiction, as it alleges that this Court lacks subject matter jurisdiction based on sovereign immunity, *see Blase v. Kaplan*, 852 F. Supp. 268, 277 (D.N.J. 1994), or based on preclusion by the Civil Service Reform Act ("CSRA").

    B.    Rule 12(b)(6)

On a motion to dismiss, brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotes and citation omitted). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, (2007), the Supreme Court clarified the 12(b)(6) standard: the factual allegations set forth in a complaint "must be enough to raise a right to relief above the speculative level." *Id.* at 1965. As the Third Circuit has stated, "[t]he Supreme Court's *Twombly* formulation of the pleading standard can be summed up thus: 'stating ... [a] claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable

expectation that discovery will reveal evidence of' the necessary element." *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 127 U.S. at 1965); see also *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) ("[A] claimant does not have to set out in detail the facts upon which he bases his claim.... The pleading standard is not akin to a probability requirement, . . . to survive a motion to dismiss, a complaint merely has to state a plausible claim for relief." (citations omitted)).

In affirming that *Twombly* 's standards apply to all motions to dismiss, the Supreme Court explained several principles. First, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, (2009). Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* Therefore, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 1949. Ultimately, "a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). However, "a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings . . . [although a] limited exception exists for documents that are integral to or explicitly relied upon in the complaint." *W. Penn Allegheny Health Sys., Inc. v. UPMC*, 627 F.3d 85, 97 n.6 (3d Cir. 2010) *cert. denied*, 132 S.Ct. 98 (2011) (citation and internal quotation marks omitted).

The Third Circuit has reiterated that "judging the sufficiency of a pleading is a context dependent exercise" and "[s]ome claims require more factual explication than others to state a plausible claim for relief." *Id.* at 98. That said, the Rule 8 pleading standard is to be applied "with the same level of rigor in all civil actions." *Id.* (quoting *Iqbal*, 556 U.S. at 684).

Although a statute of limitations question is an affirmative defense, which is normally raised under Rule 8(c), the statute of limitations may be raised in a Rule 12(b)(6) motion "where the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994).

Moreover, while pro se pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

### III. Motion to Dismiss

*A. Rule 12(b)(1) - Subject Matter Jurisdiction*

The Government asserts that this Court lacks subject matter jurisdiction for three reasons. First, the Government argues that this Court lacks subject matter jurisdiction because Congress has not waived sovereign immunity for Section 1983 claims or *Bivens*-types claims against federal agencies. Second, the Government asserts that the Civil Service Reform Act precludes Plaintiff's claim. Finally, the Government maintains that this action is an attempt by the Plaintiff to appeal the MSPB's 2010 decision, an action that must be brought in the Federal Circuit.

1. *Sovereign Immunity*

The Government argues that this Court lacks subject matter jurisdiction over this matter based on the well-established principle that "[w]ithout a waiver of sovereign immunity, a court is without subject matter jurisdiction over claims against federal agencies or officials in their official capacities." *Treasurer of N.J. v. U.S. Dep't of the Treasury*, 684 F.3d 382, 395-96 (3d Cir. 2012) (citing *United States v. Mitchell*, 445 U.S. 535, 538 (1980)). The Government argues that because Congress has not waived sovereign immunity to permit § 1983 or *Bivens* claims

7

against federal agencies, Plaintiff's claim must be dismissed. In response, Plaintiff asserts, without support, that the Government waived their sovereign immunity by engaging in the alleged improper termination of Plaintiff.

At the outset, this Court will address Plaintiff's claim that "by not following [CSRA] statutory entitlements the Government has waived its claim [sic] sovereign immunity." It is well-established that in order for a district court to have subject matter jurisdiction over an action against the United States or any agency of the United States, Congress must first waive sovereign immunity. *Treasurer of N.J.*, 684 F.3d at 395–96. This waiver cannot be implied, but "must be unequivocally expressed in statutory text." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (internal citation omitted). Thus, the mere failure of a federal agency to follow procedure is insufficient to waive sovereign immunity unless Congress has explicitly provided so. *See id.*

Plaintiff brings this action under 42 U.S.C. § 1983, which permits suits against "every person who, under color [of state law] subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. Generally, because § 1983 requires that a person act under the color of state law, "federal agencies and officers are facially exempt from § 1983 liability inasmuch as in the normal course of events they act pursuant to federal law." *Hindes v. FDIC*, 137 F.3d 148, 158 (3d Cir. 1998). Importantly, the United States is not considered a "person" for the purposes of § 1983 claims. *Accardi v. United States*, 435 F.2d 1239, 1241 (3d Cir. 1970). In that connection, "[b]ecause the United States is not a proper defendant in a § 1983 action, neither is a federal agency, an arm of the sovereign." *Id.* at 159. Accordingly, to the extent that Plaintiff attempts to bring a Section 1983 action against DHS, MSPB, and OPM—all federal agencies—this Court lacks subject matter

8

jurisdiction because Congress has not authorized such a claim against these parties. *Id.*; *see also Lopez v. U.S. Dep't of Justice*, No. 07-3230, 2007 WL 2988580, at *1 (3d Cir. Oct. 15, 2007) ("Section 1983 is inapplicable to persons acting under color of federal law.").

Even if this Court were to construe Plaintiff's Complaint as attempting to bring a *Bivens* action, this Court would still lack subject matter jurisdiction.[4] In *Bivens v. Six Unnamed Agents of Federal Bureau of Narcotics*, the Supreme Court implied a federal analogue to the § 1983 cause of action for civil rights violations by federal officials acting in their official capacity. *See Bivens v. Six Unnamed Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). However, the Supreme Court has declined to extend this cause of action to federal agencies because the imposition of a damages remedy against the Federal government and its agencies "would [create] a potentially enormous financial burden for the Federal Government," and, thus, has left such a decision to Congress. *FDIC v. Myer*, 510 U.S. 471, 484-86 (1994). As Plaintiff brought suit against only federal agencies, and not agency officials, his claim cannot be construed as a proper *Bivens* action and must be dismissed. *Id.* Consequently, because Congress has not waived sovereign immunity for claims of constitutional violations against federal agencies, this Court lacks subject matter jurisdiction over Plaintiff's claims. *See Lopez*, 2007 WL 2988580, at *1 ("[T]he Supreme Court has held that federal agencies are not appropriate defendants for *Bivens* actions.").

2. *CSRA Preclusion*

To the extent Plaintiff is seeking that this Court adjudicate his dispute with DHS in the first instance, the Court lacks subject matter jurisdiction for another reason: such a claim is

---

[4] In his briefing, Plaintiff denies bringing any *Bivens* claim and instead asserts that "[a]ll the claims made against the Defendants are being made under the Civil Rights Act, the Privacy Act and the Civil Service Reform Act." Pl.'s Opp. Br. at 14.

9

precluded by the CSRA. In *Bush v. Lucas*, the Supreme Court declined to extend a *Bivens*-like claim to constitutional violations that "arise out of an employment relationship that is governed by comprehensive procedural and substantive provisions giving meaningful remedies against the United States." *Bush v. Lucas*, 462 U.S. 367, 368 (1983); *see also Yu v. U.S. Dep't of Veteran Affairs*, 528 Fed. Appx. 181, 184 (3d Cir. 2013).

Plaintiff asserts that the CSRA does not preclude his claim because he was employed as an excepted service federal career intern. While excepted service employees do enjoy less protections under the CSRA than permanent employees, "'the comprehensive nature of the CSRA, the attention that it gives throughout to the rights of nonpreference excepted service employees, and the fact that it does not include them in provisions for administrative and judicial review contained in Chapter 75, combine to establish a congressional judgment that those employees should not be able to demand judicial review for the type of personnel action covered by that chapter.'" *Semper v. Gomez*, 747 F.3d 229, 236 (3d Cir. 2014) (quoting *United States v. Fausto*, 484 U.S. 439, 448 (1988)).

Specifically, the CSRA provides that the MSPB has jurisdiction over disputes arising from the employment relationship that concern personnel actions, defined by the CSRA as "an appointment; a promotion; . . . and "any other significant change in duties, responsibilities, or working conditions." 5 U.S.C. § 2302; *see also Yu*, 528 Fed. Appx. at 184. Plaintiff's claim that he was improperly terminated from his position falls into the definition of a personnel action. *See Yu*, 528 Fed. Appx. at 184. Moreover, Section 2302 applies to employees in covered positions, which includes specifically "position[s] in the excepted service." 5 U.S.C. § 2302. Accordingly, the CSRA mandates that Plaintiff bring any claim regarding constitutional violations that occurred upon his termination from the DHS in front of the MSPB. *See Yu*, 528 Fed. Appx. at

10

184. Therefore, Plaintiff's claim is precluded from being considered by this Court.[5]

    3. *Review of MSPB Decision*

Moreover, to the extent that Plaintiff seeks judicial review of the MSPB's 2010 Final Order denying Plaintiff's appeal of his termination, such relief must be sought in the Federal Circuit. *See Elgin v. Dep't of Treasury*, 132 S. Ct. 2126, 2133-34 (2012). Nonetheless, Plaintiff contends that "[t]he Due Process Violation committed by [DHS] voids the jurisdiction of the [MSPB]," and moreover, alleges that any transfer of his claim to the Federal Circuit "violate[s his] Civil Rights under the Fourteenth Amendment of the Constitution as the Court of Federal Appeals for the Federal Circuit requires [he] surrender all claims of discrimination." Plaintiff's arguments are, again, misplaced.

Like Plaintiff's prior suits, the current Complaint appears to be a further attempt by Plaintiff to appeal the MSPB's decision. *See Bishop v. Office of Personnel Management*, 514 Fed. Appx. 104 (3d Cir. 2013), *cert. denied*, 134 S. Ct. 396 (2013); *Bishop v. U.S. Dep't of Homeland Sec.*, No.: 11-573 (D.N.J. June 13, 2011); *Bishop v. U.S. Dep't of Homeland Sec.*, No. 2:10-cv-1095, 2010 WL 5392897 (D.N.J. Dec. 21, 2010). Indeed, while Bishop brought each of these cases under different legal theories and under different statutes, the cases all pertain to his termination. Thus, to the extent that this is another attempt to appeal the decision of the MSPB,

---

[5] While Plaintiff's Complaint alleges that "[his] status as an excepted service federal career intern excludes him from the jurisdiction of the [MSPB]," this argument is not tenable. The MSPB typically does lack jurisdiction over appeals of termination decisions raised by employees during a probationary period. *See Johnson v. Merit Sys. Prot. Bd.*, 431 Fed. Appx. 915, 917 (Fed. Cir. 2011); *Collins v. Merit Sys. Prot. Bd.*, 978 F.2d 675, 679 (Fed. Cir. 1992). However, the MSPB may exercise jurisdiction over probationary employees who claim they were terminated as a result of engaging in protected whistleblowing activity under the Whistleblower Protection Act. 5 U.S.C. § 1221(a); 5 C.F.R. 1209.2(b)(1); *see also Smart v. Dep't of Army*, 157 Fed. Appx. 260, 261 (Fed. Cir. 2005). Indeed, this was the exact type of appeal that Plaintiff filed with the MSPB following his termination. *See* Bishop 2009 MSPB Decision, at 1. Therefore, Plaintiff's argument regarding the MSPB's jurisdiction is misplaced.

this Court lacks subject-matter jurisdiction, as judicial review of MSPB decisions lies in the exclusive jurisdiction of the Federal Circuit. *See Elgin v. Dep't of Treasury*, 132 S. Ct. at 2133−34; *Semper*, 747 F.3d at 235 ("As the Federal Circuit observed, this statutory scheme provides for administrative review by the Merit Systems Protection Board ("MSPB"), followed by judicial review by the Federal Circuit itself."). Further, as the Court has discussed *supra* note 5, Plaintiff's arguments that the MSPB does not have jurisdiction over his case are misplaced.

Plaintiff's claim that 29 C.F.R. § 1614.407(d) forbids appeal to the Federal Circuit is similarly untenable. 29 C.F.R. § 1614.407 governs timeliness of appeals pursuant to Title VII, the ADEA, and the Rehabilitation Act, none of which apply to the instant matter. Despite the lack of any allegations of discrimination in the Complaint, Plaintiff further asserts in his briefing that this Court does properly have jurisdiction over his Complaint because he made an EEOC complaint. While Plaintiff is correct in asserting that the CSRA permits appeal of a MSPB decision in a district court "[w]hen a covered employee 'alleges that a basis for the action was discrimination' prohibited by enumerated federal employment laws," the exception does not apply here because Plaintiff has not premised his claim on discrimination. *Elgin*, 132 S. Ct. at 2134.

Thus, this Court lacks subject matter jurisdiction over this matter for three reasons: (1) Congress has not waived sovereign immunity to permit claims of constitutional violations against federal agencies, (2) the CSRA precludes Plaintiff from bringing this claim in a district court, and (3) to the extent that Plaintiff's claim is an appeal of the MSPB's decision, it must be brought in the Federal Circuit. Accordingly, Plaintiff's claim is dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

B. Rule 12(b)(6) - Statute of Limitations

While I find that this Court lacks subject matter jurisdiction over this action, I will address the statute of limitations argument in the alternative, for the benefit of the parties, specifically the *pro se* Plaintiff. The Government argues that Plaintiff's claim fails under Rule 12(b)(6) because Plaintiff's claim is barred by the statute of limitations for § 1983 and *Bivens* actions.

The statute of limitations for any Section 1983 or *Bivens* actions is borrowed from the state's personal injury statute. *Kost v. Kozakiewicz*, 1 F.3d 176, 189-90 (3d Cir. 1993). In New Jersey, the personal injury statute of limitation is two years. *Hughes v. Kniebler*, 341 Fed. Appx. 749, 752 (3d Cir. 2009) (citing N.J.S.A. §2A:14-2). The statutes of limitations for § 1983 and *Bivens* actions begin to run "at the point that the plaintiff has 'a complete a present cause of action,' meaning that he 'can file suit and obtain relief,'" i.e. "when the plaintiff 'knew or should have known of the injury upon which its action is based.'" *Raines v. Lappin*, No. 11-5681, 2013 WL 3283930, at *3 (D.N.J. June 26, 2013).

Here, Plaintiff's main allegation is that DHS "failed to provide the Plaintiff with thirty days written notice of the proposed action which identifies specific instances of unacceptable performance by the Plaintiff on which its proposed adverse action were based [and] failed to provide the Plaintiff with the opportunity to obtain a lawyer and to answer any proposed adverse action." Compl. at 1. Thus, the statute of limitations began to accrue on before August 20, 2007, the date of Plaintiff's termination. *See Raines*, 2013 WL 328930, at *3. However, Plaintiff did not file this Complaint until August 1, 2014. Thus, Plaintiff's due process claim is barred by the two-year statute of limitations. *Cf. Mobley v. U.S. Postal Serv.*, 204 Fed. Appx. 12, 16 (Fed. Cir. 2006).[6]

---

[6] To the extent that Plaintiff's claim seeks judicial review of the 2010 MSPB Final Order, such a

### IV. Motion for a Pre-filing Injunction

Finally, the Government additionally requests that this Court enjoin Plaintiff from filing future suits against them regarding his termination. While this Court does have the broad power to issue such an injunction pursuant to 28 U.S.C. § 1651, *Robinson v. N.J. Mercer Cty. Vicinage-Family Div.*, 562 Fed. Appx. 145, 148 (3d Cir. 2014), it should exercise caution when approaching a pre-filing injunction against a *pro se* plaintiff. *Day v. Toner*, 549 Fed. Appx. 66, 67 (3d Cir. 2014). "However, a District Court may enjoin a pro se litigant from future filings so long as the injunction complies with three requirements: (1) the litigant must be continually abusing the judicial process; (2) the litigant must be given notice of the potential injunction and an opportunity to oppose the court's order; and (3) the injunction must be narrowly tailored to fit the specific circumstances of the case." *Grossberger v. Ruane*, 535 F. App'x 84, 86 (3d Cir. 2013) (citing *Brow v. Farrelly,* 994 F.2d 1027, 1038 (3d Cir. 1993)).

Such an injunction is warranted in this case. As of the date that the Government filed its motion, it appears that Plaintiff has filed four civil actions regarding his termination, all of which appear to have lacked merit and have been dismissed, including the present lawsuit.[7] Any future

---

request must have been filed with the Federal Circuit sixty days after the MSPB issued its final decision. *See* 2010 MSPB Final Order; *see also* 5 U.S.C. § 7703(b)(1). The MSPB issued its Final Order to Plaintiff on February 24, 2010. Thus, any request for judicial review must have been brought by April 24, 2010. Accordingly, to the extent that Plaintiff's claim seeks judicial review of the MSPB's decision, such a claim is also time-barred. *See id.*

[7] The Third Circuit's opinion in *Bishop*, 514 Fed. Appx. at 104–05, details Bishop's prior suits.

> Bishop's first complaint sought reinstatement to his position on the ground that the DHS breached a purported contract by improperly terminating him on the basis of disclosures that he made while attempting to resolve a claim before the EEOC. The District Court transferred the complaint to the United States Court of Appeals for the Federal Circuit to be treated as a petition for review . . . . Bishop did not pursue the petition, however, and the court dismissed it. Instead of pursuing that petition, Bishop filed another nearly identical complaint in the

14

cases filed by Bishop regarding his termination would be repetitive and frivolous. *Day v. Day*, 510 U.S. 1, 2 (1993) ("'[E]very paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice.'") (quoting *In re McDonald*, 489 U.S. 180, 184 (1989)); *Whitaker v. Superior Court of San Francisco*, 514 U.S. 208, 210 (1995) ("'The goal of fairly dispensing justice . . . is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous requests.'") (quoting *In re Whitaker*, 513 U.S. 1, 2 (1994)); *see also Hibbard v. Penn-Trafford Sch. Dist.*, No. CIV.A. 13-622, 2015 WL 321654, at *3 (W.D. Pa. Jan. 23, 2015). As such, this Court finds Plaintiff's filings on this issue are continually abusive of the judicial process and that further such filings initiated by Plaintiff would exacerbate the abuse. *See id.* at *3. Further, regarding the second element of the pre-filing injunction test, Plaintiff has received (1) sufficient notice regarding the possibility of a pre-filing injunction being issued (by way of the Government's motion, properly served on Bishop, requesting such an injunction) and

---

> District Court. The District Court dismissed that complaint, and Bishop did not appeal.
> 
> Bishop then filed [his third lawsuit]. This time, he brought a claim under the Privacy Act seeking an order requiring defendants to "correct" the purportedly inaccurate records that led to his termination. He also alleged that defendants refused his requests under the Freedom of Information Act ("FOIA") for his personnel file, which he claimed would reveal that his termination was illegal. In addition he repeated his allegations regarding the purported misuse of his EEOC-related disclosures, claimed that his termination as otherwise wrongful, and sought damages for his "loss of salary and career opportunities." The District Court dismissed Bishop's complaint, and Bishop appeal[ed].

*Id.* The Third Circuit affirmed the District Court's dismissal of Plaintiff's third lawsuit. *Id.* at 105.

(2) an opportunity to respond (by way of an opposition brief).[8] *See In re Oliver*, 682 F.2d at 445−446 (3d Cir. 1982).

Therefore, to promote judicial efficiency and deter further frivolous filings, this Court issues the following, narrowly tailored injunction: Plaintiff Paul J. Bishop, when proceeding pro se, is enjoined from filing a complaint against any of the defendants herein or any employee, agent, or attorney thereof, in the United States District Court, District of Jersey, relating to his termination from DHS, without prior leave of the Court.[9] *See Gage v. Wells Fargo Bank, N.A., AS*, 555 Fed. Appx. 148, 152 (3d Cir. 2014) (affirming a similar injunction against a *pro se* plaintiff); *see also Perry v. Gold & Laine, P.C.*, 371 F.Supp.2d 622, 632 (D.N.J. 2005) (issuing a similar injunction against a *pro se* plaintiff).

In that regard, leave of court will be freely granted upon Bishop showing through a properly filed petition that a specific proposed filing: (1) can survive a challenge under Federal Rule of Civil Procedure 12; (2) is not barred by principles of claim or issue preclusion; and (3) is not repetitive or violative of a court order. The Order and Injunction to follow will not apply to the filing of timely notices of appeal from this Court to the Third Circuit Court of Appeals and papers solely in furtherance of such appeals.

## V. Conclusion

Thus, for the foregoing reasons, the Government's motion to dismiss is **GRANTED**, and its motion for a pre-filing injunction is also **GRANTED**. An appropriate order shall follow.

---

[8] In apparent response to the Government's motion for a pre-filing injunction, Plaintiff states that "[a]ny attempt to restrict my access to the Courts will violate my Civil Rights." Pl.'s Opp. Br. at 15.

[9] Further, Plaintiff must attach a copy of this opinion and order herewith to any subsequent lawsuit filed pertaining to his termination from DHS.

Dated: May 6, 2015                                         /s/ Freda L. Wolfson
                                                           The Honorable Freda L. Wolfson
                                                           United States District Judge